Geoffrey T. Holtz, Bar No. 191370
MORGAN, LEWIS & BOCKIUS LLP
One Market Street, Spear Street Tower
San Francisco, CA 94105
Tel:     +1.451.442.1414
Fax:    +1.415.442.1001
geoffrey.holtz@morganlewis.com

Attorneys for Glenmark Pharmaceuticals Ltd. and
Glenmark Pharmaceuticals Inc., USA

Samuel G. Liversidge, Bar. No. 80578
Christopher D. Dusseault, Bar No. 177557
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel:     +1.213.229.7855
Fax:    +1.213.229.6855
SLiversidge@gibsondunn.com
CDusseault@gibsondunn.com

Attorneys for Merck & Co., Inc.; Merck Sharp &
Dohme Corp.; Schering-Plough Corp.; Schering Corp.
and MSP Singapore Co.

ADDITIONAL ATTORNEYS LISTED BELOW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MERCK & COMPANY, INC.; MERCK SHARPE & DOHME CORPORATION; SCHERING-PLOUGH CORPORATION; SCHERING CORPORATION; MSP SINGAPORE COMPANY LLC; GLENMARK PHARMACEUTICALS LTD; and GLENMARK PHARMACEUTICALS INC., USA, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL** <br><br> [Removed from San Francisco County Superior Court Case No. CGC-21-592508] <br><br> [*Corporate Disclosure Statements and Notices of Appearance filed concurrently herewith*] <br><br> Date Action Filed:     June 4, 2021 <br><br> Date Served:     Not Yet Served <br><br> Notice of Removal Filed:     July 16, 2021 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendants Glenmark Pharmaceuticals, Ltd., Glenmark Pharmaceuticals Inc., USA (together "Glenmark"), Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., Schering Corp., and MSP Singapore Co. LLC (collectively, "Merck," and together with Glenmark, "Defendants") hereby remove the above-captioned action (the "Action") from the Superior Court of the State of California in the County of San Francisco to the United States District Court in the San Francisco Division of the Northern District of California.   In support of this removal, Defendants state the following:

## I.   Removal Is Proper Based on Diversity Jurisdiction

### A.   Procedural Background

1.   On June 4, 2021, plaintiff Kaiser Foundation Health Plan, Inc. ("Plaintiff") commenced this action titled *Kaiser Foundation Health Plan, Inc. v. Merck & Company, Inc., et al.*, Case No. CGC-21-592508, by filing an unverified complaint ("Complaint") in the Superior Court of the State of California in the County of San Francisco against Defendants.  The gravamen of the Complaint is that, on May 10, 2010, Merck and Glenmark entered into a settlement agreement to resolve a dispute over the patent covering Merck's Zetia product—a cholesterol-lowering drug with ezetimibe as its active ingredient—that purportedly had the effect of restraining trade.  *See, e.g.*, Compl. ¶¶ 1-8, 91, 225, 238, Ex. A (hereinafter "Compl.").

2.   The Complaint alleges that the Zetia patent settlement agreement is "at the heart" of the Action. *Id.* ¶ 5.  Plaintiff contends that as a quid pro quo for Glenmark's agreement to drop its patent challenge and to delay its launch of generic Zetia until December 12, 2016 (or earlier in certain circumstances), Merck promised not to launch an authorized generic version of Zetia during Glenmark's 180-day exclusivity period.[1] *Id.* ¶ 105.  Plaintiff alleges the settlement insulated Zetia

---

[1]   Defendants dispute that the settlement agreement contained a "no authorized generic" provision and that any alleged quid pro quo occurred.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

and Vytorin[2] from generic competition, causing Plaintiff to overpay at pharmacies owned and operated by Plaintiff or at third-party pharmacies when covering its insureds' prescriptions for Zetia and Vytorin. *Id.* ¶¶ 6, 9-10.

3.      Plaintiff asserts monopolization claims against Merck only (Counts I, II, IX, X) arising under the antitrust laws of California, the District of Columbia, Hawaii, and Oregon based on Merck's alleged "obtaining patents through inequitable conduct [and] improperly causing [them] to be listed in Orange Book, [Merck's] bringing and maintaining [its] patent litigation claims [related to Zetia] against Glenmark," as well as resolving that litigation with a purported "reverse payment agreement." *Id.* ¶¶ 177, 190.  Based on the purported illegality of the Zetia patent settlement agreement, Plaintiff brings several other state law claims against all Defendants for conspiracy to monopolize (Counts III, IV), conspiracy to restrain trade (Counts V, VI), unfair and deceptive trade practices (Counts VIII, VIII), and unjust enrichment (Count XI).

4.      Although the Complaint was docketed in the Superior Court of California on June 4, 2021, Plaintiff's counsel only first provided an email copy of the Complaint to Defendants' outside counsel on June 16, 2021.  Later, on July 12, 2021, Plaintiff's counsel emailed Defendants' outside counsel a request for waiver of service, summons, complaint, case cover sheet, and notice of initial case management conference.  No Defendant has yet agreed to waive service and thus, as of the date of this Notice, no Defendant has been formally served with process or has otherwise accepted service of the Complaint.  This Notice of Removal is thus timely filed.  28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that time to remove is not triggered "by mere receipt of the complaint unattended by any formal service").

5.      A true and correct copy of the Complaint provided to outside counsel for Defendants is attached as Exhibit A.  28 U.S.C. § 1446(a).

---

[2]      Vytorin is an entirely separate product from Zetia that combines ezetimibe and simvastatin.  *See id.* ¶¶ 134, 136.  Plaintiff does not allege that Vytorin was at issue in the patent litigation against Glenmark or resulting Zetia patent settlement agreement.

**B.     This Court Has Subject Matter Jurisdiction Based on Complete Diversity of the Parties**

6.      This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one that Defendants may remove pursuant to 28 U.S.C. § 1441(a)-(b).  The requirements for diversity jurisdiction are met here because this is a civil action (1) with an amount in controversy exceeding $75,000, exclusive of interest and costs, and (2) is between citizens of different states.  *Id*. § 1332(a).

**1.     The Amount in Controversy Exceeds $75,000**

7.      The first requirement for diversity jurisdiction is that the amount in controversy must exceed the sum of $75,000, exclusive of interests and costs.  *Id*. §1332(a).  In determining whether a complaint meets the $75,000 threshold amount set forth in 28 U.S.C. § 1332(a), a court must consider the aggregate amount of all the claims, not the amount involved in each individual claim.  *E.g.*, *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (explaining that diversity statute confers jurisdiction over entire action, and thus claims of single plaintiff are aggregated to satisfy the amount in controversy requirement).

8.      The fact that the Complaint fails to specify the total amount of damages in a dollar amount does not deprive this Court of jurisdiction.  *See Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that plaintiff's damage claim, including lost wages, lost earning capacity, medical expenses, emotional distress, and attorneys' fees, was enough to put the amount in controversy above $75,000).

9.      It is well established that the amount in controversy allegation "is accepted if made in good faith."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  To satisfy the amount in controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.*  Similarly, the amount in controversy allegation of a defendant seeking federal court adjudication "should be accepted when not contested by the plaintiff or questioned by the court."  *Id.* at 553.  Thus, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

1   more likely than not that the claims exceed $75,000, exclusive of interest and costs. *Sanchez*, 102

2   F.3d at 403-04.

3         10.     Here, although Defendants deny that they are liable for any amount of damages, the

4   amount in controversy based on the claims and allegations in the Complaint exceeds $75,000

5   exclusive of interest and costs.  Indeed, Plaintiff alleges that as a result of Defendants' alleged

6   anticompetitive conduct, Plaintiff "had overpaid by hundreds of millions of dollars for its members'

7   Zetia and Vytorin prescriptions."  Compl. ¶ 6.  Based on those purported "hundreds of millions of

8   dollars" of overpayments, Plaintiff is seeking "actual, consequential, compensatory, treble, and/or

9   other damages," "equitable relief in the nature of disgorgement [and] restitution," as well as

10   attorneys' fees. *See id*. ¶¶ 297-301.  Given Plaintiff's allegation that it "overpaid by hundreds of

11   millions of dollars" for Zetia and Vytorin, *id*. ¶ 6, it is "more likely than not" that the amount in

12   controversy well exceeds $75,000.  *Sanchez*, 102 F.3d at 403-04.

13       **2.**    **Complete Diversity Exists**

14         11.     The second requirement, complete diversity of citizenship, is met when all plaintiffs

15   are diverse from all defendants.  28 U.S.C. §1332(a)(1); *Demarest v. HSBC Bank USA, N.A*., 920

16   F.3d 1223, 1226 (9th Cir. 2019).  Removal of such an action is appropriate when no defendant is a

17   citizen of the same state in which the action was originally brought.  28 U.S.C. § 1441(a)-(b).  For

18   purposes of diversity, a corporation is deemed to be a citizen of (1) the state under whose laws it is

19   organized; and (2) the state of its "principal place of business."  28 U.S.C. § 1332(c)(1); *Indus.*

20   *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

21         12.     Complete diversity exists here.  According to the Complaint, Plaintiff is a 501(c)(3)

22   non-profit corporation organized under the laws of California with a principal place of business in

23   Oakland, California, Compl. ¶ 9, and is thus a citizen of California, 28 U.S.C. § 1332(c)(1).  The

24   Merck Defendants are organized under the laws of New Jersey (except for Defendant MSP

25   Singapore Company LLC, which is a wholly-owned subsidiary of Merck & Co., Inc. and organized

26   under the laws of Delaware) and maintain principal places of business in New Jersey.  Compl. ¶¶

27   11-16.  Glenmark Pharmaceuticals Ltd. is an Indian corporation with a principal place of business

28   in Mumbai, India, and Glenmark Pharmaceuticals Inc., USA is a Delaware corporation with a

principal place of business in New Jersey. *Id*. ¶¶ 17-18. Because no Defendant is organized under the laws of California nor maintains a principal place of business there, no Defendant is a citizen of California. 28 U.S.C. § 1332(c)(1). As a result, Plaintiff is diverse from all Defendants, and no Defendant is a citizen of the state in which this Action was initiated.[3]

13.     Therefore, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and the Action may be removed to this Court under 28 U.S.C. §§ 1441, 1446.

**C.     All Additional Prerequisites for Removal Are Satisfied**

14.     No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

15.     Venue is proper in this Court because the Action is pending in the County of San Francisco, California. Thus, the United States District Court for the San Francisco Division of the Northern District of California is the "district and division embracing the place where [the underlying] action is pending." 28 U.S.C. § 1441(a).

16.     A copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of San Francisco, as required by 28 U.S.C. § 1446(d).

For the forgoing reasons, this Action is hereby removed from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California in the San Francisco Division.

---

[3]     Defendants do not concede that any one Defendant is subject to either general or specific personal jurisdiction in the state of California for any of the claims in the Action.

| | |
|---|---|
| 1 | Dated: July 16, 2021 |

By /s/  *Geoffrey T. Holtz*

Geoffrey T. Holtz, Bar No. 191370
MORGAN, LEWIS & BOCKIUS LLP
One Market Street, Spear Street Tower
San Francisco, CA 94105
Tel:      +1.451.442.1414
Fax:     +1.415.442.1001
geoffrey.holtz@morganlewis.com

Steven A. Reed (*pro hac vice forthcoming*)
R. Brendan Fee (*pro hac vice forthcoming*)
Zachary M. Johns (*pro hac vice forthcoming*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel:      +1.215.963.5000
Fax:     +1.215.963.5340

Attorneys for Glenmark Pharmaceuticals Ltd.
and Glenmark Pharmaceuticals Inc., USA

By /s/  *Christopher D. Dusseault*

Samuel G. Liversidge, Bar No. 80578
Christopher D. Dusseault, Bar No. 177557
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel:      +1.213.229.7855
Fax:     +1.213.229.6855
SLiversidge@gibsondunn.com
CDusseault@gibsondunn.com

Eric J. Stock (*pro hac vice forthcoming*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel:      +1.212.351.2301
Fax:     +1.215.716.0801
estock@gibsondunn.com

Attorneys for Merck & Co., Inc.; Merck Sharp
& Dohme Corp.; Schering-Plough Corp.;
Schering Corp. and MSP Singapore Co.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

6

1

**PROOF OF SERVICE**

2

     I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, CA  94105-1126.  On July 16, 2021, I served the within document(s):

3

4

- **NOTICE OF REMOVAL**

5

6

☒    **ELECTRONIC CASE FILING:** I caused the above-listed documents to be transmitted via ECF to the counsel of record listed below.

7

8

Daniel A. Sasse, Bar No. 236234
Tiffanie L. McDowell, Bar No. 288946
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California 92614
Telephone:  949.263.8400
Facsimile:  949.263.8414
dsasse@crowell.com
tmcdowell@crowell.com

Kent A. Gardiner (*Pro Hac Vice*)
Mark M. Supko (*Pro Hac Vice*)
Diane A. Shrewsbury (*Pro Hac Vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116
kgardiner@crowell.com
msupko@crowell.com
dshrewsbury@crowell.com

9

10

11

12

13

14

Attorneys for Plaintiff Kaiser Foundation Health Plan, Inc.

Attorneys for Plaintiff Kaiser Foundation Health Plan, Inc.

15

16

17

     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed on July 16, 2021, in Moraga, California.

18

19

20

_____

21

Ellen D. Woodward

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

1