GIBSON, DUNN & CRUTCHER LLP
Samuel G. Liversidge, SBN 180578
    sliversidge@gibsondunn.com
Shaun A. Mathur, SBN 311029
    smathur@gibsondunn.com
Sarah M. Kushner, SBN 320077
    smkushner@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
(213) 229-7000

GIBSON, DUNN & CRUTCHER LLP
S. Christopher Whittaker, SBN 283518
    cwhittaker@gibsondunn.com
Courtney L. Spears, SBN 329521
    cspears@gibsondunn.com
3161 Michelson Drive
Irvine, California 92612-4412
(949) 451-3800

*Attorneys for Defendants Merck & Co., Inc.,
Merck Sharp & Dohme LLC (f/k/a Merck Sharp
& Dohme Corporation), MSP Singapore
Company LLC, Schering-Plough Corp., and
Schering Corp.*

Daniel A. Sasse (State Bar No. 236234)
Tiffanie L. McDowell (State Bar No. 288946)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California 92614
Telephone:  949.263.8400
Facsimile:  949.263.8414
dsasse@crowell.com
tmcdowell@crowell.com

Kent A. Gardiner (*pro hac vice* forthcoming)
Mark M. Supko (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116
kgardiner@crowell.com
msupko@crowell.com

*Attorneys for Plaintiff Kaiser Foundation Health
Plan, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERCK & COMPANY, INC.; MERCK SHARP & DOHME CORPORATION; SCHERING-PLOUGH CORPORATION; SCHERING CORPORATION; MSP SINGAPORE COMPANY LLC; GLENMARK PHARMACEUTICALS LTD.; AND GLENMARK PHARMACEUTICALS INC., USA, <br><br> Defendants. | CASE NO. 4:21-cv-05497-HSG <br><br><br> **STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

WHEREAS during the course of the above-captioned case (the "Action" or this "Litigation"), the parties and non-parties may be subject to discovery requests and/or proceedings which seek the disclosure of information considered by Parties (as defined below) or any Non-Parties (as defined below) to be confidential, proprietary, and/or private; and

WHEREAS the parties wish to re-affirm the confidentiality protocols from the Zetia MDL proceedings with appropriate modifications for this District; and

WHEREAS the Parties wish to preserve the confidentiality of such information already produced and to be produced through the use of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c); and

WHEREAS, the Court finds that good cause exists for entry of this Protective Order in the Action to prevent the unauthorized disclosure and use of any Party or Non-Party's trade secrets and other confidential information during and after the course of this Litigation,

IT IS ORDERED as follows:

I.      **DEFINITIONS.**

A.      Action or Litigation: The above-captioned action pending in the United States District Court for the District of Northern California, *Kaiser Foundation Health Plan, Inc. v. Merck & Co., Inc. et al.*, No. 4:21-cv-05497 (N.D. Cal.).

B.      Challenging Party: A party that challenges the designation of material, information, or items under this Order.

C.      Confidential Material: Non-public material, information, or items containing information the Designating Party has maintained in confidence and in good faith believes contain personal, financial, trade secret, or other confidential research, development, or commercial information entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

D.      Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

E.      Designating Party: A Party or Non-Party that designates material, information, or items that it produces in disclosures or in response to discovery as Confidential Material, Highly

Confidential—Attorneys' Eyes Only Material or Highly Confidential—Outside Counsel Eyes Only Material.

**F.**     Disclosure or Discovery Material: All material, items, or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Litigation.

**G.**     Expert: A person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Litigation.

**H.**     Highly Confidential—Attorneys' Eyes Only Material: Non-public, highly sensitive Confidential Material or tangible things that contain or otherwise reference non-public trade secrets or other current or prospective confidential research, development, commercial, or financial information, or other highly sensitive data or information, the disclosure of which to another Party or Non-Party carries, according to the good-faith belief of the Producing Party or Producing Non-Party, a substantial risk of causing a competitive disadvantage to the Producing Party or Producing Non-Party or other owner of the information or a substantial risk of serious harm that could not be avoided by less restrictive means.  Such information may include, for example, documents that reflect strategies or analysis of regulatory filings, patent applications, challenges to patents, litigation related to patents, discussions or analysis related to resolving patent litigation, strategic planning information, transactional data, claims and reimbursement data, pricing and cost data and analyses, or other materials that contain particularly sensitive trade secrets.  Before material is designated Highly Confidential—Attorneys' Eyes Only under this subsection, the Designating Party will make a good faith effort to evaluate whether that material meets the requirements for Highly Confidential—Attorneys' Eyes Only material as set forth herein. Highly Confidential—Attorneys' Eyes Only designations must be limited in scope.

**I.**     Highly Confidential – Outside Counsel Eyes Only Material: Extremely sensitive "Confidential Material", the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**J.**     In-House Counsel: Attorneys who are employees of a Party in this Litigation.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**K.**     Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

**L.**     Outside Counsel of Record: Attorneys who are not employees of a Party in this Litigation but are retained to represent or advise a Party to the Action and have appeared in the Litigation on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

**M.**     Party: Any party to this Action—including Kaiser, Merck, and Glenmark—including all of their respective officers, directors, and employees.

**N.**     Producing Non-Party: A Non-Party that produces Disclosure or Discovery Material in this Litigation.

**O.**     Producing Party: A Party that produces Disclosure or Discovery Material in this Litigation.

**P.**     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**Q.**     Protected Material: Any Disclosure or Discovery Material that is designated as Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential – Outside Counsel Eyes Only Material.

**R.**     Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**S.**     Related Actions: Certain actions related to the current Action, including the other pending insurer opt-out cases, *Humana Inc. v. Merck & Co., Inc. et al*., No. 2:23-cv-23023 (D.N.J.); *Centene Corp. et al. v. Merck & Co., Inc.* et al., No. 2:23-cv-23033 (D.N.J.); *United HealthCare Servs., Inc. v. Merck, Inc., et al.,* No. 0:20-cv-01909-DSD-DTS (D. Minn.); and the Zetia MDL.

**T.**     Zetia MDL: The prior multidistrict litigation captioned *In re: Zetia (Ezetimibe) Antitrust Litigation,* No. 2:18-md-02836-RBS-DEM (E.D. Va.).

**U.**      Zetia MDL Discovery: All discovery materials, including Documents, ESI, and written discovery, exchanged between the parties in the Zetia MDL.

**V.**      Zetia MDL Protective Order: The Protective Order entered in the Zetia MDL by the U.S. District Court for the Eastern District of Virginia on October 14, 2018, at ECF No. 171.

## II.      MATERIALS COVERED.

**A.**      Scope: This Protective Order governs the handling of Disclosure or Discovery Material designated as "Confidential", "Highly Confidential—Attorneys' Eyes Only" or "Highly Confidential—Outside Counsel Eyes Only" (as these terms are defined above)—and applies to all materials produced, given, or exchanged by any Producing Party or Producing Non-Party in the Action (including, without limitation, disclosures, document productions, responses to interrogatories and requests for admissions, and/or responses to subpoenas, pleadings, exhibits, depositions, or other testimony), regardless of the medium or manner in which the materials are generated, stored, or maintained.  This includes any material produced, filed, or served by any Producing Party or Producing Non-Party during discovery in this Action and any information included in any materials.  Any Producing Party or Producing Non-Party may, based on a good-faith belief that such materials are entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, designate all or any part of a document, discovery response, deposition, or other material that they produce, serve, or provide in connection with the Actions as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" as described below.  The designation of any material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" will constitute a representation by a Producing Party or Producing Non-Party that it has made a good-faith determination that any material so designated is confidential or protected under Federal Rule 26 and this Protective Order.  In no event shall a Producing Party or Producing Non-Party automatically designate every document produced as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY".

**B.**      Notwithstanding the foregoing, information that is in the public domain or which is

4

already known by the Receiving Party through proper means or which is or becomes available to a Party from a source other than a Designating Party or a third party asserting confidentiality, rightfully in possession of such material on a non-confidential basis, will be presumed to be non-confidential material under this Protective Order.

**C.** Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

**D.** Any Confidential Material, Highly Confidential—Attorneys' Eyes Only Material or Highly Confidential—Outside Counsel Eyes Only Material or materials derived from Confidential Material, Highly Confidential—Attorneys' Eyes Only Material or Highly Confidential—Outside Counsel Eyes Only Material, whether or not filed with the Court, must be designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY", respectively, as provided in this Paragraph D. For documents in hard-copy form or modifiable electronic format, such documents must be designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" by stamping each page of the document in such a way as not to obscure any part of the text or content. A Producing Party or Producing Non-Party may designate natively produced electronic documents and other non-imaged media as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY," as appropriate, by noting such designation in an accompanying cover letter (i.e., placeholder) and, to the extent possible, by affixing a legend or stamp to the media itself (i.e., disc, hard-drive, etc.) on which the Confidential, Highly Confidential—Attorneys' Eyes Only or Highly Confidential—Outside Counsel Eyes Only Material is provided, and including the appropriate confidentiality designation in the load file provided with the electronic production. Whenever any Party to whom electronically stored documents are produced reduces such documents to hardcopy form, that Party shall designate the hard-copy documents with a legend, stamp, or watermark as provided in this Paragraph. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the

inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential—Attorneys' Eyes Only Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or pages thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY") to each document or page of a document that contains Protected Material.

**E.**     Testimony provided in this Litigation in deposition or other pretrial proceedings may be designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" by any Party or Non-Party if the testimony concerns or relates to that Party's or Non-Party's Confidential, Highly Confidential—Attorneys' Eyes Only or Highly Confidential—Outside Counsel Eyes Only Material. Counsel for a Party or any Non-Party may state on the record during a deposition or pretrial proceeding that the testimony and/or proceedings shall be treated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY." If such a designation on the record is made, the Parties shall treat the entirety of such deposition testimony or testimony during other pretrial proceedings as so designated on the record for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript, during which time a Designating Party may identify the specific portions of testimony as to which protection is sought and specify the particular level of protection being asserted. At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Order. Alternatively, during that 30-day period, a Designating Party may, if appropriate, designate the entire transcript as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY." Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript also shall be treated during the 30-day period as if it had been designated "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the rough

and final transcript shall be treated only as actually designated. Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing or other proceeding so that the other Parties can attempt to ensure that only authorized individuals who have signed the Declaration in the form annexed hereto as Exhibit A are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY."

**F.** Materials produced in some form other than documentary form and any tangible items may be designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection asserted.

**G.** Any document produced (or material containing information from a document produced), any deposition transcripts or exhibits, any Expert reports, any filings, and any other materials from underlying patent litigations involving any of the Parties in these Actions, that were designated therein as confidential or highly confidential will be treated as Confidential Material, Highly Confidential—Attorneys' Eyes Only Material or Highly Confidential—Outside Counsel Eyes Only Material under this Protective Order, unless the original party that designated the material as confidential agrees otherwise, the document or information has since become public, or the Court orders otherwise.

**H.** Any Confidential Material, Highly Confidential—Attorneys' Eyes Only Material or Highly Confidential—Outside Counsel Eyes Only Material that was exchanged by the Parties before execution of this Protective Order are also covered by the provisions of this Protective Order.

**I.** The Parties agree that Protected Material produced by Defendants in this Action, to the extent produced by Defendants in the Related Actions, may be used in the Related Actions to the same

extent as in this Action, so long as the parties to the Related Actions agree to afford the Protected Material the same level of confidentiality protections as designated and agreed to in this Action.

**J.**     The Parties agree to continue to treat Zetia MDL Discovery with the same protections as afforded that material designated under the Zetia MDL Protective Order.  The Parties additionally agree to comply with all procedures specific to the District of Northern California, as specified in this Protective Order, in their treatment of the Zetia MDL Discovery.

**K.**     If materials produced or received in earlier litigations other than the Zetia MDL, which were designated under a protective order in such earlier litigations are reproduced in this Action, such material shall be treated as "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" in this Action absent agreement of the Parties or further order of the Court.

**L.**     Notwithstanding any contrary provision of this Protective Order, each Designating Party retains the right to re-designate documents and things, and deposition testimony and other oral disclosures, subject to Paragraph IX. Upon such re-designation, each Party and Non-Party shall in good faith endeavor to treat such written materials and oral disclosures in accordance with such designation from that time forward.

**III.     USE OF MATERIALS AND DECLARATION.**

**A.**     Subject to the exception in Section II(I), the Parties shall use all Protected Material and information derived from Protected Material solely, as applicable, in furtherance of the prosecution, defense, or attempted settlement of this Action.  All materials designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL— OUTSIDE COUNSEL EYES ONLY" must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients.  Upon conclusion of this Action, a Receiving Party must comply with the provisions of Paragraph VIII below regarding return or destruction of Protected Material.

**B.**     Each Receiving Party, except the persons identified in Paragraph IV(A)-(B), (D), (G), and (I), Paragraph V(A)-(B), and (D) and Paragraph VI(A)-(D), (F), below, shall execute a Declaration in the form annexed hereto as Exhibit A and shall agree to be bound by this Protective Order before receiving any Protected Material.  Counsel for each Party shall maintain the executed Declarations and

need not provide copies to any other Party, unless there is a genuine dispute between the Parties concerning a person's handling of Protected Material, or except as expressly provided for herein.

**C.**     Notwithstanding any contrary provision in this Protective Order, a Party is permitted to disclose Protected Material to the extent required by a valid subpoena or other valid legal process, provided that the procedures in this Paragraph C are followed.  The Party that has received a valid subpoena or other valid legal process (the "Subpoenaed Party") in this Litigation must provide the Designating Party with written notice of such subpoena or other legal process and include in such notification a copy of the subpoena or court order, via electronic mail or hand delivery, immediately upon receipt but in no event later than within five (5) business days of receiving the subpoena or a lesser period if ordered by the Court ("the Response Period"), in order to afford the Designating Party an opportunity to object.  The Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the Designating Party) that providing the information may be a violation of this Protective Order.  If the Designating Party does not move for a protective order in this Court within the time allowed for production by the subpoena or request and give written notice of such motion to the Subpoenaed Party, the Subpoenaed Party may commence production of documents or proceed with a deposition in response to the request or subpoena.  The Subpoenaed Party will not produce any Protected Material while a motion for a protective order brought by the Designated Party pursuant to this paragraph is pending or while an appeal from or request for appellate review of such motion is pending, unless a court of competent jurisdiction orders otherwise.  In such case, production of Protected Material pursuant to a court order will not be deemed a violation of this Protective Order. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material. The Subpoenaed Party must cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

**IV.    DISCLOSURE OF CONFIDENTIAL MATERIAL.**

Subject to the exception in Section II(I), unless otherwise ordered by this Court or permitted in writing by a Designating Party, disclosure of Confidential Material may be made only to:

**A.**     This Court, including its secretaries, clerks, law clerks, and other staff;

**B.**     Outside Counsel of Record in this Action, and their employed or retained support staff,

9

secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, litigation consultants or vendors, including, but not limited to, document management services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel);

C.     In-House Counsel for each Party in this Action, as well as the secretarial and clerical employees of each Party who work regularly with In-House Counsel, where such disclosure is for the sole purpose of assisting with this Action;

D.     Court reporters/stenographers, court videographers, and similar transcription services and their support staff (this category hereinafter referred to as "Court Reporters");

E.     Any Expert (as defined in this Order) of a Party, including all Non-Party personnel and support staff assisting such Expert, to whom disclosure is reasonably necessary for purposes of the Action and who has signed the Declaration in the form annexed hereto as Exhibit A;

F.     Any mediators engaged by the Parties, and their support staff;

G.     Any person that counsel for a Party has a good-faith basis to believe prepared, received, reviewed, or had knowledge about the subject matter of the Confidential Material or whose conduct is covered by this Protective Order;

H.     Current or former officers, directors, and employees of a Party where the current and former officers, directors, and employees are reasonably believed to have had access to the Protected Material in the course of his or her employment, or a person designated as a Rule 30(b)(6) witness by the Designating Party, and to the extent that designee is not otherwise covered by this Protective Order and has signed Exhibit A;

I.     The author or recipient of a document containing the information; and

J.     Any deponent or witness, during the course of sworn testimony in this Action, whom counsel (i) believes in good faith has previously seen the document or (ii) has objective reason to believe possesses knowledge of the subject matter of the confidential information, subject to the Disclosing Party's consent, which shall not be unreasonably withheld.  If a dispute arises during a deposition or trial examination concerning whether a witness may be shown particular document(s), and the Parties themselves cannot reach an agreement, the Parties shall attempt to contact the Court for

immediate resolution.  If, despite such efforts, no agreement can be reached, the parties may seek a later Court determination, and the examining party reserves all rights, including the right to ask the Court to re-open the deposition at the expense of the Party who prevents the initial questioning from taking place.  Persons authorized to view Confidential Material under this sub-paragraph are not permitted to retain copies of such materials.

## V.    DISCLOSURE OF HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY MATERIAL.

Subject to the exception in Section II(I), unless otherwise ordered by this Court or permitted in writing by a Designating Party, disclosure of Highly Confidential—Attorneys' Eyes Only Material may be made only to:

**A.**    This Court, including their secretaries, clerks, law clerks, and other staff;

**B.**    Court Reporters;

**C.**    Any mediators engaged by the Parties, and their support staff;

**D.**    Outside Counsel of Record in the Action and their employed or retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, interpreters, translators, litigation consultants or vendors, including, but not limited to, document management services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel);

**E.**    In-House Counsel for each Party to whom disclosure is reasonably necessary for purposes of the Action and who have signed the Declaration in the form annexed hereto as Exhibit A;

**F.**    Any Expert (as defined in this Order) of a Party in this Action, including all Non-Party personnel and support staff assisting such Expert, to whom counsel in good faith believes disclosure is reasonably necessary for purposes of this Action and who has signed the Declaration in the form annexed hereto as Exhibit A;

**G.**    The person who prepared, authored, received, or reviewed the Highly Confidential—Attorneys' Eyes Only Material, or if there are other indicia that the person has seen the document previously;

**H.**    Any person to whom the Producing Party or Non-Party agrees (in writing) Highly

11

Confidential—Attorneys' Eyes Only information may be disclosed. The Parties agree to confer in good faith to accommodate reasonable requests;

**I.**    During the course of sworn testimony, current or former officers, directors, and employees of a Party where the current or former officers, directors, and employees are reasonably believed to have had access to the Protected Material in the course of their employment, or a person designated as a Rule 30(b)(6) witness by the Designating Party, and to the extent that designee is not otherwise covered by this Protective Order has signed Exhibit A. Persons authorized to view Highly Confidential—Attorneys' Eyes Only Material under this sub-paragraph are not permitted to retain copies of such materials; and

**J.**    Any deponent or witness, during the course of sworn testimony in this Action, whom counsel (i) believes in good faith has previously seen the document or (ii) has objective reason to believe possesses knowledge of the subject matter of the Highly Confidential—Attorneys' Eyes Only information, subject to the Disclosing Party's consent, which shall not be unreasonably withheld. If a dispute arises during a deposition or trial examination concerning whether a witness may be shown particular document(s), and the Parties themselves cannot reach an agreement, the Parties shall attempt to contact the Court for immediate resolution. If, despite such efforts, no agreement can be reached, the parties may seek a later Court determination, and the examining party reserves all rights, including the right to ask the Court to re-open the deposition at the expense of the Party who prevents the initial questioning from taking place. Persons authorized to view Highly Confidential—Attorneys' Eyes Only Material under this sub-paragraph are not permitted to retain copies of such materials.

## VI.    DISCLOSURE OF HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY MATERIAL.

Subject to the exception in Section II(I), unless otherwise ordered by this Court or permitted in writing by a Designating Party, disclosure of Highly Confidential—Outside Counsel Eyes Only Material may be made only to:

**A.**    This Court, including their secretaries, clerks, law clerks, and other staff;

**B.**    Court Reporters;

**C.**    Any mediators engaged by the Parties, and their support staff;

**D.**     Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation;

**E.**     Any Expert (as defined in this Order) of a Party in this Action, including all Non-Party personnel and support staff assisting such Expert, to whom counsel in good faith believes disclosure is reasonably necessary for purposes of this Action and who has signed the Declaration in the form annexed hereto as Exhibit A;

**F.**     Persons or entities that provide litigation support services retained by a Party or a Party's outside counsel in this Action including but not limited to court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as their employees and subcontractors, to whom disclosure is reasonably necessary for this Litigation;

**G.**     During their depositions or trial testimony, the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound, and for electronic versions, segregated, by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

**H.**     Any current employee of a Designating Party may be examined at trial or upon deposition concerning any information designated "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" by such Party. If in-house counsel for a Party are present at the deposition of a Designating Party, they will leave the room while the document is under discussion.

**I.**     Any person to whom the Producing Party or Non-Party agrees (in writing) Highly Confidential—Outside Counsel Eyes Only information may be disclosed. The Parties agree to confer in good faith to accommodate reasonable requests.

## VII.    CHALLENGES TO DESIGNATIONS.

A Receiving Party is under no obligation to challenge the propriety of a Confidential, Highly Confidential—Attorneys' Eyes Only or Highly Confidential—Outside Counsel Eyes Only designation at the time the designation is made, and may challenge such designation at any point up until trial. However, once a party determines a challenge is warranted, it should make a prompt challenge, and no party should unreasonably delay raising such challenges.  In the event that a Party disagrees with a

Confidential, Highly Confidential—Attorneys' Eyes Only or Highly Confidential—Outside Counsel Eyes Only designation made by another Party or a Non-Party, the following procedure shall be used:

      **A.**    The Party disputing a designation of material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY shall, in writing, notify the Producing Party or Producing Non-Party that it is disputing the designation (the "Challenge Notice"). To avoid ambiguity as to whether a challenge has been made, the Challenge Notice must recite that the challenge to confidentiality is being made in accordance with this Order. The Challenge Notice shall also: (i) identify the specific materials in dispute by exact Bates number(s) (or by other identification if Bates number(s) are not on said materials); and (ii) specify the reasons the Party believes the materials are not entitled to Protected Material treatment under this Protective Order or the Federal Rules of Civil Procedure. The Producing Party or Producing Non-Party shall respond in writing within fourteen (14) days of receiving the Challenge Notice and state with particularity the grounds for asserting that the document or information is entitled to "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" treatment under this Protective Order or the Federal Rules of Civil Procedure. If the Producing Party or Producing Non-Party makes a timely response, counsel shall then confer in good faith in an effort to resolve the dispute. If the Producing Party or Producing Non-Party does not respond in writing within fourteen (14) days after confirmation of the dispute, the materials will be presumptively determined to be non-confidential and not subject to confidential treatment under this Protective Order or the Federal Rules of Civil Procedure. If a large number of designations are challenged at once, the Producing Party or Producing Non-Party may request additional time to respond.

      **B.**    If counsel for the Parties are unable to resolve the dispute, the Challenging Party may file a motion within fifteen (15) days of the parties reaching in impasse to challenge the confidentiality designation of any Protected Material. The Producing Party or Producing Non-Party's failure to timely oppose such motion challenging the designation of documents shall result in a waiver of the challenged designation. The Producing Party or Producing Non-Party will have the burden of proof to establish the propriety of its designations of material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—

14

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY. The Challenging Party shall not make frivolous challenges or those otherwise made for an improper purposes (e.g., to harass or impose unnecessary expenses and burdens on other parties). Any challenge found to be frivolous or otherwise made for an improper purpose may expose the Challenging Party to sanctions. The document or thing that is the subject of the filing will be treated as originally designated pending resolution of the dispute.

**VIII.   HANDLING OF PROTECTED MATERIALS.**

A Receiving Party agrees to undertake reasonable efforts to maintain the confidentiality of Protected Materials. Persons who have been shown Protected Material pursuant to this Protective Order and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of such Protected Material or documents that reflect Protected Material. Subject to the exception in Section II(I), within sixty days after such time as this Action is concluded, by either the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, counsel will, at their option, return or undertake commercially reasonable efforts to destroy all Protected Material (including but not limited to copies in the possession or control of any Expert or employee). Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) states that all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, as to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the Parties shall be entitled, without violating this Protective Order, to retain such work product in their files, so long as the terms of this Protective Order will continue to govern any such retained materials. In addition, counsel shall be entitled, without violating this Protective Order, to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and email (and

attachments)), any other papers filed with the Court (including exhibits), deposition transcripts, and the trial record (including exhibits) even if such materials contain Protected Material, so long as this Protective Order will continue to govern any such retained materials.  If a Party to this Action settles and/or otherwise is dismissed from this Action before the conclusion of this Action (the "Dismissed Party"), then the Dismissed Party must follow the requirements set forth in this Paragraph.  Subject to the exception in Section II(I), the Dismissed Party must either return or destroy all Protected Material received in the Action, as set forth above, within 60 days of settling and/or being dismissed from the Action. Subject to the exception in Section II(I), any other Party remaining in the Action is not required to return any Protected Material received from the Dismissed Party until this Action are concluded, as set forth above.  For the avoidance of doubt, nothing in this Paragraph obligates any Party to destroy its own Protected Material at the close of this Action or at any other time.

## IX.    INADVERTENT FAILURE TO DESIGNATE.

In the event that Protected Material is inadvertently produced without having been previously marked "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY the Receiving Party shall, upon a written request from the Designating Party, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Designating Party states should have been affixed to it.  The Designating Party must then, within ten days of its written request, or such other time as agreed by the Parties, reproduce the document, paper, or thing with the appropriate confidentiality designation. The Receiving Party shall then replace the incorrectly designated materials with the newly designated materials and shall, within ten days of receipt of the replacement set, return the non-designated material, or confirm in writing that all copies of it have been destroyed.  The inadvertent failure of a Producing Party or Producing Non-Party to designate a document as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" at the time of production will not operate as a waiver of the rights and protections afforded by this Protective Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.  No Party will be deemed to have violated this Protective Order if, before notification of any later

designation, such material has been disclosed or used in a manner inconsistent with the later designation.  Once a designation is made, however, the relevant documents or materials must be treated as Confidential, Highly Confidential—Attorneys' Eyes Only or Highly Confidential—Outside Counsel Eyes Only in accordance with this Protective Order.  If material inadvertently not designated is, at the time of the later designation, already filed with a court on the public record, the Producing Party or Producing Non-Party that failed to make the designation will, at its discretion, move for appropriate relief.

## X.     INADVERTENT DISCLOSURE OF PROTECTED MATERIAL BY RECEIVING PARTY.

If a Receiving Party learns that it has inadvertently disclosed Protected Material to any person or disclosed Protected Material in any circumstance not authorized by this Protective Order, including in the event of a security or data breach, the Receiving Party shall, as soon as is practicable but no later than within five business days: (i) notify in writing the Designating Party of the unauthorized disclosure; (ii) use its best efforts to retrieve all copies of the Protected Material; and (iii) inform the person or persons to whom unauthorized disclosure was made, to the extent the person or persons are identifiable, of all the terms of this Protective Order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A.  If Protected Material is used inadvertently during depositions in contravention of other provisions of this Protective Order, the Protected Material will not lose its confidential or highly confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.  If such Protected Material is inadvertently disclosed to a deposition witness, and the witness has testified concerning that information, the witness may be examined and cross-examined with respect to the document(s) or information disclosed for the remainder of the deposition.

## XI.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

Nothing in this Order shall be construed as inconsistent with Section IX of the Parties' Joint Stipulated Protocol for Governing Privilege and the Discovery of Electronically Stored Information and Hard Copy Documents.

## XII.    REQUEST TO A PARTY SEEKING NON-PARTY CONFIDENTIAL INFORMATION.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, custody, or control, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the Non-Party.  If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information.  If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## XIII.    INFORMATION FROM NON-PARTY SOURCES.

To the extent that any discovery requests pursuant to the Federal Rules of Civil Procedure are served on a Non-Party, the Party serving the discovery request(s) shall, at the time of service, provide the Non-Party with a copy of this Protective Order.  A Non-Party may designate Protected Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" pursuant to the provisions of this Protective Order.  Documents produced in this Action by Non-Parties that consist of or contain portions of documents originally created or generated by a Party will be treated as Highly Confidential—Attorneys' Eyes Only until the expiration of a fifteen-day period after the receipt by the Parties in this Action.  During that fifteen-day period, if any Party believes a Non-Party has produced information from that Party that the Party believes should be designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY," that Party may notify the Non-Party and the other Parties that the Non-

Party may have inadvertently failed to designate the information as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY." The Non-Party may then correct the designation as provided in Paragraph IX. Nothing in this Paragraph prevents a Party from treating documents produced by Non-Parties that are publicly available as Non-Confidential Material during the 15-day period.

Furthermore, the Parties agree to meet and confer about the use of specific documents produced by Non-Parties if during the 15-day review/notification period (discussed above), one of the Parties would like to use such documents for a deposition, briefing, or other time-sensitive use.

## XIV.  FILING PROTECTED MATERIAL WITH THE COURT.

The Parties recognize that a Party wishing to file Protected Material or information derived from Protected Material with the Court must comply with the procedure set forth in Local Rule 79-5 of the Local Rules of the United States District Court for the Northern District of California.

## XV.  NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES.

**A.**      No subpoenas (for depositions or documents) need be served on any Rule 26(a)(2)(B) or Rule 26(a)(2)(C) expert in this case. Instead, the Party or Parties retaining such an expert will make him or her available for deposition at a time mutually agreed to by the Parties. In addition, the Party or Parties retaining an expert from whom a report is provided will make all requisite disclosures at the time of service.

**B.**      The below-listed categories of documents, recording media, and communications need not be disclosed by any Party and an Expert may not be examined at deposition, hearing, or trial on the contents of the below-listed categories of documents, recording media, and communications: (i) any notes or other writings taken or prepared by or for an Expert witness in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including (a) written correspondence or memoranda to or from, and notes of conversations between and among the expert witness and (1) the Expert's assistants and/or support staff, (2) other Expert witnesses or non-testifying expert consultants, including their staffs, or (3) attorneys for the party or parties to this Action, including their staffs, and/or (b) copies of materials produced by any party in this Action bearing the

notes, markings, or comments of the Expert, the Expert's assistants and/or support staff, other Expert witnesses or non-testifying Expert consultants (including their staffs), or attorneys for the party or parties in this Action (including their staffs); (ii) any draft reports, draft studies, draft work papers, draft declarations, or other draft materials prepared by, for, or at the direction of an Expert witness, regardless of the form in which the draft is recorded; and (iii) any oral or written communication between and among an Expert witness and the Expert's respective assistants and/or support staff, other Expert witnesses or non-testifying Expert consultants (including their staffs), or attorneys for the party or parties to this Action (including their staffs), regardless of the form of the communications, except to the extent the communications relate to compensation for the Expert's work or testimony in this Action.

**C.**    The foregoing exclusions from discovery set forth in subparagraph (B) do not apply to any communications, documents, data sets, or analyses upon which an Expert specifically relies as a basis for his or her ultimate opinion.

**D.**    Without varying the above paragraphs, examination will be permitted on alternative analyses, methodologies, or approaches to issues on which the Expert is testifying, regardless of whether the expert considered them in forming the Expert's opinions, and on any matter not excluded from disclosure by the terms of this Protective Order.

**XVI.    FURTHER APPLICATION.**

Nothing in this Protective Order precludes any Party, or any Non-Party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need arises during this Action.  The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Protective Order, during the pendency of this Action and for such time thereafter as is needed to carry out the terms of this Protective Order.

**XVII.    MODIFICATION BY THE COURT OR THE PARTIES.**

The Court retains the right to modify this Protective Order.  Furthermore, nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval) or to move to amend or modify this Protective Order for good cause.

1   **XVIII. RIGHT TO ASSERT OTHER OBJECTIONS.**

2          No Party waives through entry of this Order any right it otherwise would have to object to

3   disclosing or producing any information or item on any ground not addressed in this Order.  Similarly,

4   no Party waives any right to object on any ground to the use in evidence of any of the material covered

5   by this Order.

6   **XIX.   USE BY PARTY OF ITS OWN MATERIALS.**

7          Nothing in this Protective Order prevents a Party from using its own Protected Materials in any

8   way that it sees fit, without prior consent of any person or the Court, provided that public disclosure by

9   a Party of its own Protected Material will constitute the Party's waiver of the designation of that

10  document for its use by any Party in this Action.

11  **XX.     RIGHT OF A PARTY TO USE INDEPENDENTLY OBTAINED DOCUMENTS.**

12         Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of

13  documents, material, or information obtained by such Party independent of formal discovery

14  proceedings in this Action.

15  **XXI.   VIOLATIONS.**

16         The Court has jurisdiction to enforce this Protective Order and to grant relief, as authorized by

17  law or in equity, for any violations thereof.

18  **XXII.  NO EFFECT ON ARBITRATION OF CLAIMS.**

19         The terms of this Protective Order do not waive any and all rights of the Parties to proceed by

20  way of individual arbitration instead.

21  **XXIII. SURVIVAL OF OBLIGATIONS.**

22         The obligations imposed by this Protective Order survive the termination of this Action.

23

24  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

25

26  Dated:   8/4/2025

27                                                     Honorable Haywood S. Gilliam, Jr.
                                                       United States District Judge

28

Dated: July 28, 2025

Respectfully submitted,

 /s/ Daniel A. Sasse
Daniel A. Sasse (State Bar No. 236234)
Tiffanie L. McDowell (State Bar No. 288946)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California 92614
Telephone:  949.263.8400
Facsimile:  949.263.8414
dsasse@crowell.com
tmcdowell@crowell.com

Kent A. Gardiner (*pro hac vice* forthcoming)
Mark M. Supko (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116
kgardiner@crowell.com
msupko@crowell.com

*Attorneys for Plaintiff Kaiser Foundation Health Plan, Inc.*

Dated: July 28, 2025

 /s/ Samuel G. Liversidge
Samuel G. Liversidge, SBN 180578
Shaun A. Mathur, SBN 311029
Sarah M. Kushner, SBN 320077
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
(213) 229-7000
sliversidge@gibsondunn.com
smkushner@gibsondunn.com

S. Christopher Whittaker, SBN 283518
Courtney L. Spears, SBN 329521
GIBSON DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
(949) 451-3800
cwhittaker@gibsondunn.com
cspears@gibsondunn.com

*Attorneys for Defendants Merck & Company, Inc., Merck Sharp & Dohme LLC (f/k/a Merck Sharp & Dohme Corporation), Schering-Plough Corporation, and Schering Corporation, and MSP Singapore Company LLC*

22

## **SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Daniel A. Sasse, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: July 28, 2025                         _/s/ Daniel A. Sasse_____
                                             Daniel A. Sasse

**EXHIBIT A**

**DECLARATION UNDER PROTECTIVE ORDER**
**GOVERNING CONFIDENTIAL, HIGHLY CONFIDENTIAL—**
**ATTORNEYS' EYES ONLY OR HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES**
**ONLY MATERIAL**

I, _____ am employed

by _____. I acknowledge and certify that:

      1.     I have read the Discovery Confidentiality Order in *Kaiser Foundation Health Plan,*

*Inc. v. Merck & Co., Inc. et al.*, No. 4:21-cv-05497 (N.D. Cal.), and agree to be bound by its terms;

and

      2.     I agree to be subject to the jurisdiction of this Court for the sole purpose of having the

terms of the Protective Order enforced.

Date: _____          Signature: _____

 

                             Address: _____