UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAISER FOUNDATION HEALTH PLAN INC.,

Plaintiff,

v.

MERCK & COMPANY INC., et al.,

Defendants.

Case No. 21-cv-05497-HSG   (LJC)

**ORDER REGARDING JOINT DISCOVERY LETTER CONCERNING DEPOSITIONS SOUGHT BY KAISER**

ECF No. 113

The parties in this antitrust action filed a joint discovery letter in which Plaintiff Kaiser Foundation Health Plan, Inc. ("Kaiser") seeks certain depositions pursuant to Rules 30(b)(1) and 30(b)(6) of the Federal Rules of Civil Procedure, while Defendants Merck & Co., Inc., Merck Sharpe & Dohme Corp., Shering-Plough Corp., Shering Corp., and MSP Singapore Co. LLC (collectively, "Merck") oppose their requests. Specifically, Kaiser seeks a 30(b)(6) deposition of Merck, and 30(b)(1) depositions of Paul McCrorey and Glen Firestone, two former Merck employees. Merck argues that because this action was remanded from a multidistrict litigation in the Eastern District of Virginia and given the discovery conducted during that MDL, Kaiser should not be permitted to pursue additional depositions. In addition, Merck argues that Kaiser should be precluded from conducting the two 30(b)(1) depositions because they would be duplicative of the topics covered by Kaiser's 30(b)(6) deposition. Having considered the parties' joint letter, ECF No. 113, and the relevant record and authorities, the Court GRANTS IN PART AND DENIES IN PART Kaiser's request.

## I.    BACKGROUND

Kaiser originally filed this action in San Francisco County Superior Court on June 4, 2021. ECF No. 1 at 2. Thereafter the action was removed to this district, and within a matter of weeks,

United States District Court
Northern District of California

transferred to the Eastern District of Virginia and assigned to a multi-district litigation, *In re Zetia (Ezetimibe) Antitrust Litigation*, 2:18-md-02836.  *In re Zetia* had commenced in 2018 when the Judicial Panel on Multidistrict Litigation ("the Panel") issued a transfer order pursuant to 28 U.S.C. § 1407, centralizing a number of cases regarding a cholesterol medication, Zetia.  The Panel found, over the defendant pharmaceutical companies' objections, that a set of cases involved common questions of fact and centralization of in the Eastern District of Virginia would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  *In re Zetia*, ECF No. 1 at 1.  The Panel reasoned, "The actions share factual issues arising from allegations that defendants engaged in an unlawful scheme to delay the introduction of generic competitors to Merck's cholesterol drug Zetia."  *Id*.  Furthermore, the issues involved "appear[ed] complex, and likely to require significant discovery."  *Id*.  "Centralization would avoid duplication of that discovery, as well as eliminate the potential for inconsistent rulings on class certification and other pretrial matters."  *Id.*

In 2021, when Kaiser's action was assigned to the MDL, the transferee court permitted Kaiser and the other plaintiff end-payors of Zetia to seek a modification of pertinent pretrial orders, including, among other orders, a joint stipulated protocol governing privilege and the discovery of electronically stored information and a briefing schedule for dispositive motions.  *In re Zetia*, ECF Nos. 172, 1348 at 2.  In its response, Kaiser represented that it "intend[ed] to opt-out of the end-payor class at the appropriate time," and that Kaiser and the other plaintiff end-payors "filed their respective actions to assert their independent claims."  *In re Zetia*, ECF No. 1397 at 1-2.  Kaiser expressly declined to seek relief from the procedural orders issued in the MDL, though it sought confirmation that the deadlines for dispositive motion briefing did not apply to it.  *Id.* at 2.  At that time, the Direct Purchaser Class, End-Payor Class, and Retailer actions had already completed summary judgment briefing.  *Id.*

From the commencement of the MDL in June 2018 until 2023, the transferee court conducted coordinated and consolidated proceedings that resulted in the resolution of twenty-one of twenty-five centralized actions.  *Kaiser v. Merck*, 21-cv-5497, ECF No. 18-1 at 1 (N.D. Cal. Dec. 12, 2023).  The plaintiffs in the four cases that were not resolved (the Opt-Out Plaintiffs),

including Kaiser, again represented to the transferee court at a status conference in the lead-up to the consolidated trial that they would not proceed in that trial and would instead seek remand to their respective home jurisdictions, following the resolution of the pre-trial matters, and Kaiser filed notice of its formal intent to remand. *Id.* at 3.

Judge Beach Smith, the presiding judge in the MDL, issued a suggestion of remand as to the four cases that remained. She explained:

> Section 1407 was not intended to require the transferee judge to "necessarily complete all pretrial proceedings in all actions transferred and assigned to [them] by the Panel. . . ." *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977). Rather, the role of the transferee judge is to complete pretrial proceedings to the point that "the central purpose of the [Panel's] referral has been achieved." *In re Activated Carbon-Based Hunting Clothing Mktg. and Sales Pracs. Litig.*, 840 F. Supp. 2d 1191, 1201 (D. Minn. 2012) (internal citations omitted).

*Id.* at 6. Judge Beach Smith observed that the Opt-Out Plaintiffs' Vytorin claims were "separate and substantially different from the claims of the Plaintiffs who participated in the consolidated trial." *Id.* at 5. Furthermore, motions to dismiss the Opt-Out Plaintiffs' claims had been filed, and Judge Beach Smith noted that their resolution "may result in substantial additional discovery." *Id.* Ultimately, on December 12, 2023, the Panel issued a conditional remand order, transferring Kaiser's action back to this district. ECF No. 18. Motions to dismiss filed by the Out-Out Plaintiffs, including Kaiser, in the MDL were not adjudicated there. However, Merck challenged Kaiser's pleadings after remand, filing motions to dismiss here. ECF Nos. 60, 83. Kaiser has opposed those motions and sought discovery. *See* ECF Nos. 61, 83, 86.

## II.    ANALYSIS

Merck argues that the limits established in Rule 30(a) of the Federal Rules of Civil Procedure should apply to this action following remand from *In re Zetia*. Merck argues that this action is a continuation of the proceedings in *In re Zetia* and "allowing parties to re-do depositions after remand from an MDL would defeat the entire purpose of MDL proceedings." ECF No. 113 at 5. Kaiser does not dispute that it has received all of the discovery from *In re Zetia*, including the deposition transcripts. Merck asserts that many of the depositions taken during *In re Zetia* of Merck and Merck witnesses "included questioning about Vytorin." *Id.* at 4.

3

Rule 30 addresses depositions, and among other guardrails, it sets a presumptive limit of ten depositions by the plaintiffs, the defendants, or by third party defendants, and restricts repeat depositions of a deponent who has already been deposed in the action.    Fed. R. Civ. P. 30(a)(2)(A)(i)-(ii).  The parties must either stipulate to an additional deposition or obtain "leave of court" for the deposition to occur.  *Id.*  Where a party seeks leave to take a deposition, "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2).  Kaiser does not dispute that more than ten depositions were taken and McCrorey was deposed in the MDL.

Merck relies in part on Section 1407.  Section 1407(a) authorizes the Panel to centralize actions with "one or more common questions of fact" in one district for "coordinated or consolidated pretrial proceedings," but the transferee court need not complete the entirety of pretrial proceedings for these centralized actions, let alone complete the entirety of discovery that may pertain to the claims of any party in the MDL.  The statute allows the Panel to remand the actions "at *or before* the conclusion of such pretrial proceedings to the district from which it was transferred." 28 U.S.C. § 1407(a) (emphasis added).  Thus, the plain language of the statute contemplates that discovery after remand from an MDL may be necessary, depending on the circumstances.

The litigation history in *In re Zetia* weighs heavily against Merck's call to apply the Rule 30(a) limits here.  The transferee court recognized the likelihood of "substantial additional discovery" if the Opt-Out Plaintiffs' actions were to survive the motions to dismiss.  ECF No. 18-1 at 5.  The transferee court pointed out that the Opt-Out Plaintiffs' Vytorin claims were separate from and substantially different from the claims that were to be the focus of the consolidated trial.  Judge Gilliam has recently ruled on Merck's motion to dismiss Kaiser's Second Amended Complaint, and the cognizable claims concerning Vytorin have been identified.  Merck's generalized representation that many of the MDL depositions of Merck 30(b)(6) deponents and Merck witnesses included questioning about Vytorin does not, unto itself, obviate the need for further depositions to gather testimony more directly relevant to the particular claims that Kaiser is now pursuing and the defenses that Merck may raise.  Kaiser's claims are "substantially different"

United States District Court
Northern District of California

from the claims about Zetia, a different drug manufactured by Merck, though both drugs share the same active ingredient. *Id.* The MDL filings that Merck points to do not indicate that Kaiser intended to waive further discovery following remand and rely solely on discovery from the MDL. Imposing presumptive discovery limits in a manner that automatically counts the MDL discovery against Kaiser and shifting the burden to Kaiser to justify further discovery after remand is unwarranted where Kaiser has demonstrated its claims were not included in the MDL and the transferee court characterized those claims as substantially different and likely to warrant substantial discovery if the claims were to proceed past the pleading stage. Subject to the principles set forth in Rule 26 of the Federal Rules of Civil Procedure, Kaiser make take additional depositions and redepose individuals who were deposed in the MDL. *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"); *Kosek v. Ethicon, Inc.*, 2020 WL 6203310, \*2 (N.D. Ill. Oct. 22, 2020) ("[T]here is room in the Rule 26 analysis for consideration of the fact that MDL depositions have already occurred and, thus, the burden of re-doing the depositions may be 'undue' and outweigh the usefulness of the information.").

The Court now turns to the specific depositions that Kaiser seeks to consider whether they meet the standards set forth in Rule 26(b).

With respect to the 30(b)(6) deposition, Kaiser seeks testimony regarding the following topics:

> 1. The price of Brand Vytorin, including how and when Merck set or changed the list price, wholesale acquisition cost, average sale price, or any other published price of Brand Vytorin, as well as how and when Merck set or changed any discounts, rebates, chargebacks, or other adjustments to the price of Brand Vytorin.
>
> 2. Projections or analyses of the actual or expected impact of the entry of Generic Zetia on Brand Vytorin, including with respect to sales, profits, prices, or market share (including any analysis of erosion rates or substitution rates).
>
> 3. The use of Brand Zetia in combination with other drugs as part of a dyslipidemia treatment regimen.
>
> 4. Market research into or analysis of the factors considered by prescribers in determining whether to prescribe Brand Vytorin over alternative dyslipidemia and/or cardiovascular treatment regimens.

5. The ability of payers to encourage covered members to utilize pharmaceutical drug regimens containing the separate component ingredients of a Fixed Dose Combination product in place of a Fixed Dose Combination product.

6. The clinical considerations involved in utilizing a regimen containing the separate component ingredients of Brand Vytorin in place of Brand Vytorin.

7. Analysis and consideration of any strategies intended to address the impact of Generic Zetia on sales of Brand Vytorin, including the impact of any such strategy on Merck's revenues or profits.

8. Marketing of Brand Vytorin to patients and prescribers.

9. Merck's listing of the '966 Patent in the Orange Book for Zetia and Vytorin, including any evaluation of the propriety of such listings and any bases for Merck's decision to do so.

10. Merck's listing of the '106 Patent in the Orange Book for Zetia and Vytorin, including any evaluation of the propriety of such listings and any bases for Merck's decision to do so.

ECF No. 122 at 4-5.

Topics 1 through 8 clearly relate to Vytorin and are relevant to Kaiser's claims regarding that drug. These topics either expressly reference Vytorin or pharmaceutical products that may be relevant to Kaiser's claims. Merck does not dispute Kaiser's representation that the prior Merck 30(b)(6) depositions during *In re Zetia* occurred in 2019, well before Kaiser's action was transferred to the consolidated pre-trial proceedings. Merck contends that testimony on Topic 3 should be barred as the MDL discovery exhaustively explored the use of Zetia in combination with other drugs for dyslipidemia treatment. However, because the 30(b)(6) depositions occurred before Kaiser entered the case, it is not reasonable to determine, absent a stronger record, that the issues noticed in Topic 3 and specifically relevant to Kaiser's claims were already fully explored in the prior depositions. Merck has not demonstrated that a corporate deposition on these topics will be duplicative or cumulative of the MDL discovery.

Topics 9 and 10 involve Merck's listing of the '966 and '106 Patent in the Orange Book. Kaiser alleges that Merck's listings were a part of its monopolistic scheme, but the patents identified here are not the patents that are the focus of Kaiser's allegations. In addition, Judge Gilliam recently ruled that Kaiser's Walker Process fraud claim may not proceed based on alleged intentional misrepresentations and omissions regarding the prior art, but it may proceed based on

United States District Court
Northern District of California

6

allegations that the identities of the inventors were misrepresented.  It is not clear to what extent Topics 9 and 10 are relevant to the surviving Walker Process fraud claim.  Therefore, Kaiser's request for a Rule 30(b)(6) deposition on these two topics is DENIED without prejudice to Kaiser's submitting a renewed request depending on the outcome of another pending discovery dispute, ECF No. 109, that concerns a similar request for production of documents.  If, for example, the Court orders that Merck must respond to the similar document request disputed in ECF No. 109, Kaiser may have a stronger basis to seek a 30(b)(6) deposition on these two topics.

Next, the Court considers Kaiser's request to depose two former Merck employees as fact witnesses.  Glen Firestone is a document custodian proposed by Merck for Kaiser's Vytorin-related document requests, and Merck has not disputed Plaintiff's representation that he was a key decisionmaker as to Vytorin-related issues.  Merck's principal concern is that Firestone is a former employee who left the company approximately eight years ago, he would be questioned about events that occurred more than a decade earlier, and his involvement in Merck's cardiovascular franchise was time limited.  On balance, these concerns suggest that the utility of Firestone's testimony may be limited, but they do not merit barring Kaiser from taking any testimony from him.

With respect to McCrorey, Merck has also proposed him as a custodian for Vytorin-related documents.  Merck has not disputed in any meaningful way that McCrorey may have information relating to sales, forecasting, planning, and budgeting for *Vytorin*.  Merck's objections are grounded on the fact that McCrorey was previously deposed in the MDL and he departed from the company fourteen years prior.  There is no indication that the MDL was an opportunity to conduct exhaustive discovery regarding Vytorin-related claims, as opposed to Zetia-related claims.  McCrorey may be deposed again, this time by Kaiser in connection with the Vytorin claims.  Because Kaiser's Vytorin claims are substantially different from the Zetia claims that were the subject to discovery in the MDL, Merck has not shown that a second deposition of McCrorey would be unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b).  Merck's other concerns raise questions regarding the utility of McCrorey's deposition at this point in time, but those are risks that Kaiser will bear in using its time and resources to pursue to the deposition, and

it is entitled to an opportunity to collect evidence that may be relevant to its case. Kaiser's request to depose two fact witnesses does not appear disproportionate to the needs of the case.

Finally, the Court considers Merck's argument that the depositions of these two fact witnesses should be held in abeyance until the 30(b)(6) deposition is completed, as the 30(b)(6) deposition may obviate the need for the two fact depositions. The Court is not persuaded. The testimony of individuals is distinct from the testimony of an entity, and these types of depositions serve different purposes. *See Louisiana Pacific Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012). Though the fact witnesses' testimony will not be binding on Merck, it is an opportunity to test the corporate testimony against witness testimony based on first-hand knowledge. Moreover, although Merck's argument would be more persuasive if Kaiser was pursuing numerous 30(b)(1) depositions, Kaiser's request to depose two fact witnesses without first completing the 30(b)(6) deposition is reasonable. Under these circumstances, the depositions that Kaiser seeks do not create an undue burden on Merck.[1]

## III.   CONCLUSION

For the foregoing reasons, Kaiser's requests for three depositions is GRANTED IN PART and DENIED IN PART as set forth above.

**IT IS SO ORDERED.**

Dated: March 2, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

---

[1] This order does not resolve any objections that Firestone and McCrorey may raise as individual, non-party witnesses.

8